UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARVIN I. KAPLAN,

    Plaintiff,

v.                                                Case No. 8:17-cv-02701-CEH-CPT

REGIONS BANK, an Alabama
banking corporation,

    Defendant.
_____/

## ORDER

This matter comes before the Court upon the Defendant's Motion to Dismiss and Supporting Memorandum of Law. (Doc. 11), Plaintiff's response in opposition (Doc. 26) and Defendant's reply (Doc. 29). In the Motion, Defendant contends that the Court should dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Doc. 11. It argues that Plaintiff does not properly establish a claim for malicious prosecution or abuse of process. *Id*. It also argues that Plaintiff attempts to recover damages allegedly sustained by nonparties and includes immaterial allegations. *Id*. Plaintiff opposes the Motion, and in the alternative, requests an opportunity to amend. Doc. 26. The Court, having considered the Motion and being fully advised in the premises, will grant-in-part Defendant's Motion to Dismiss.

**I.    STATEMENT OF FACTS[1]**

Plaintiff, Marvin Kaplan, brings this action against Defendant, Regions Bank, for

---

[1] The following statement of facts is derived from the Complaint (Doc. 1), the allegations of which the Court must accept as true in ruling on the instant Motion to Dismiss. *Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992); *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp. S.A.*, 711 F.2d 989, 994 (11th Cir. 1983).

1

compensatory and special damages, punitive damages, attorneys' fees, and costs. Doc. 1 at ¶ 87. Kaplan alleges two causes of action: Count I for Malicious Prosecution and Count II for Abuse of Process. *Id.* at 14-15.

In approximately July 2008, Larry Starr approached Kaplan regarding a potential investment opportunity with Smith Advertising & Associates ("SAA"); he invested $50,000 in SAA through Starr. *Id.* at ¶¶ 8, 13. In December 2008, Kaplan was introduced to Todd Smith, who convinced Kaplan to begin dealing directly with SAA and continued to invest in the purported "factoring investments." *Id.* at ¶¶ 14, 15. He eventually formed several limited liability companies ("LLCs") and used existing ones to invest with SAA on a larger scale. *Id.* at *¶ 14*. Kaplan used his bank accounts at Regions Bank to fund the transactions. *Id.* In February 2011, Todd Smith emailed Larry Starr with a new purported investment opportunity which became known as the "bundled deals." *Id.* at ¶ 16. Unbeknownst to Kaplan, the "bundled deals" were a fabricated sham that were all part of Todd Smith's fraudulent transactions, collectively known as the "Smith Scheme." *Id.* at ¶ 20.

Beginning on at least January 23, 2012, Regions Bank knew that Todd Smith was engaged in some form of fraudulent activity but did nothing to alert Kaplan. *Id.* at ¶ 38. By January 24, 2012, Kaplan's investment company accounts were overdrawn by nearly $12 million. *Id.* at ¶ 42. Regions Bank filed suit against Kaplan's investment companies and another party on January 30, 2012, seeking damages for the overdrafts (the "Underlying Litigation"). *Id.* at ¶ 48.

The Federal Bureau of Investigation ("FBI") and the United States Secret Service deemed Kaplan to be a victim of a massive, Ponzi-like scheme orchestrated by Todd Smith. *Id*. at ¶ 55. At trial, the agencies went to great lengths to describe Kaplan's lack of knowledge of the fraudulent scheme until after it collapsed. *Id.* Regions Bank did not conduct any investigation of the details

of the SAA scheme and, in fact, questioned its existence throughout the litigation and at trial. *Id.* at ¶ 56. Instead, in 2013, Regions Bank amended its original 2012 complaint and levied a series of tort claims against both Kaplan and his companies for fraudulent concealment, civil conspiracy, conversion, and aiding and abetting. *Id.* at ¶ 57. Regions Bank did this after the FBI confirmed that Kaplan was an innocent victim of the Smith Scheme. *Id.* at ¶ 55. Regions Bank had access to, and was aware of, the federal indictment but chose to proceed with its claims. *Id.* at ¶ 57.

On June 23, 2017, the federal judge presiding over the trial in the Underlying Litigation issued a 41-page Opinion and Order, ruling in favor of Kaplan on all of Regions Bank's tort claims. *Id.* at ¶ 61. The Order specifically found that "there is no evidence that Marvin I. Kaplan had actual knowledge that 'the transactions were not legitimate,' in the sense that Marvin I. Kaplan had actual knowledge of the Ponzi scheme, or the transactions were carried on in furtherance of the Ponzi scheme executed by Todd Smith, SAA, and others." *Id.* On November 7, 2017, the Court issued an Order of final judgment against Todd Smith, Gary Smith, Lucy Smith, and SAA. *Id.* at ¶ 62. The Order also held that Kaplan's investment companies were defrauded by the Smith Scheme and awarded the companies more than $75 million in damages. *Id*. Kaplan has been "blacklisted" in the banking community and labelled a "check-kiter" which has caused a loss of business deals, partnerships, and reputation. *Id.* at ¶ 64.

## II. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2). Formulaic recitations of the elements of a cause of action are not sufficient. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

555 (2007)). Furthermore, mere naked assertions are not sufficient. *Id.* The complaint must plead sufficient factual content permitting the reasonable inference that the defendant is liable for malicious prosecution and abuse of process. *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The court, however, is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint. *Id.*

## III. DISCUSSION

### a. Count 1: Malicious Prosecution

Defendant argues that Kaplan cannot assert the rights of, and recover damages sustained by, nonparties. Because Kaplan alleges various wrongs Regions Bank committed against other parties including his LLCs and his wife, it argues that Kaplan has no standing to bring Count I. Kaplan responds that the Complaint is clear that it seeks relief for his damages individually. He maintains that the referenced paragraphs provide background and context; they are not the basis for relief.

Plaintiffs must assert their own rights and cannot rest upon the rights of others. *Granite State Outdoor Adver. v.City of Clearwater*, 351 F.3d 1112, 1116 (11th Cir. 2003). The inference drawn from the allegations of the Complaint is that Kaplan was the sole beneficiary of these shell companies and that all of Regions Bank's interactions with Kaplan were done through and by him rather than through the companies. The Complaint goes to great lengths to explain the relationship between Kaplan and Regions Bank rather than the activities undertaken by his companies. The harm incurred by the companies and Kaplan's wife are mentioned as incidental details in the Complaint rather than as a factual basis upon which Kaplan attempts to state his claim. Essentially,

in Count I, Kaplan seeks relief for malicious prosecution based on the Underlying Litigation and requests special, compensatory and punitive damages as well as attorneys' fees and costs that he incurred, not his wife or the LLCs. Doc. 1 at ¶ 76. The Court will deny the Motion on this basis.

Defendant also argues that several allegations relate to causes of action which other courts have adjudicated or dismissed with prejudice. Therefore, it argues, *res judicata* bars those allegations. And, it argues, that the remainder are time barred. Doc. 11 at 13-14 (citing Doc. 1 at ¶¶ 24-24, 38, 49, 50, 57-60, 63, 64). Plaintiff contends that *res judicata* does not apply to allegations but to causes of action. Doc. 26 at 3-5. And, he argues, because the allegations at issue provide background and context, and not a basis for relief, *res judicata* does not apply. *Id.*

The doctrine of *res judicata* applies only if the following four factors are shown: "(1) the prior decision must have been rendered by a court of competent jurisdiction; (2) there must have been a final judgment on the merits; (3) both cases must involve the same parties or their privies; and (4) both cases must involve the same causes of action." *In re Piper Aircraft Corp.,* 244 F.3d 1289, 1296 (11th Cir. 2001). The Underlying Litigation did not involve a malicious prosecution claim, and therefore *res judicata* does not apply. Further, as Plaintiff argues, *res judicata* applies to claims, not allegations. Defendants have not cited any law to support a bar on factual allegations that may relate to barred claims. The Court will deny the Motion on this basis.

Defendant's argument that the statute of limitations for defamation, negligence, and negligent misrepresentation claims has expired is irrelevant since Kaplan raises none of those claims. The Court notes that Defendant does not argue, and the Complaint does not allege facts, which puts the malicious prosecution claim outside the limitations period. *See* Fla. Stat. § 95.11 (3)(o) (establishing four-year statute of limitations period for malicious prosecution). A motion to dismiss a claim under Rule 12(b)(6) based on statute of limitations grounds is appropriate "if it is

apparent from the face of the complaint that the *claim* is time-barred." *La Grasta v. First Union Sec., Inc*., 358 F.3d 840, 845 (11th Cir. 2004) (emphasis added). Therefore, although Kaplan references various conduct which occurred outside of the limitations period, the cause of action itself appears timely. Accordingly, the Motion will be denied on this basis.

Plaintiff also argues that Regions Bank relies on documents outside of the four corners of the Complaint, which is not generally permitted on a motion to dismiss. Doc. 26 at 2. The Court may only consider a document attached to or referenced in a motion to dismiss without converting it into one for summary judgment if the attached document is central to the plaintiff's claim and undisputed. *Horsley v. Feldt,* 304 F.3d 1125, 1134 (11th Cir. 2002). In this context, "undisputed" means that the authenticity of the document is not challenged. *Id.* at 1134. The pleadings in the Underlying Litigation referenced in the Motion are central to Plaintiff's claim and proper for the Court's consideration on a motion to dismiss. But upon review, the documents do not change the Court's analyses and conclusions.

### b. *Count 2: Abuse of Process*

Regions Bank argues that the litigation privilege bars Kaplan's abuse of process claim because all the conduct upon which he relies occurred, or is related to, Regions Bank's litigation against him. Kaplan merely responds that the Court cannot address the privilege at the dismissal stage because the Court must resolve disputed issues of fact. Although Kaplan does not highlight any specific disputed issues of fact, he argues that the Court must review the full extent of Regions Bank's alleged tortious action to determine whether they in fact relate to the Underlying Litigation.

To state a claim for abuse of process, a plaintiff must allege three elements: "(1) that the defendant made an illegal, improper, or perverted use of process; (2) that the defendant had ulterior motives or purposes in exercising such illegal, improper, or perverted use of process; and (3) that,

as a result of such action on the part of the defendant, the plaintiff suffered damage." *S & I Invests. v. Payless Flea Market, Inc.*, 36 So. 3d 909, 917 (Fla. 4th DCA 2010). "Abuse of process involves the use of criminal or civil legal process against another primarily to accomplish a purpose for which it was not designed." *Bothmann v. Harrington*, 458 So. 2d 1163, 1169 (Fla. 3d DCA 1984). "For the cause of action to exist, there must be a use of the process for an immediate purpose other than that for which it was designed." *Scozari v. Barone*, 546 So. 2d 750, 751 (Fla. 3d DCA 1989). On the other hand, "[t]here is no abuse of process ... when the process is used to accomplish the result for which it was created, regardless of an incidental or concurrent motive of spite or ulterior purpose." *Id.* "The usual case of abuse of process involves some form of extortion." *Bothmann*, 458 So. 2d at 1169.

When a party brings an abuse of process claim under Florida law, the litigation privilege becomes an issue. "[A]bsolute immunity must be afforded to any act occurring during the course of a judicial proceeding, regardless of whether the act involves a defamatory statement or other tortious behavior ... so long as the act has some relation to the proceeding." *Fla. Evergreen Foliage v. E.I. DuPont De Nemours and Co.*, 470 F.3d 1036, 1042 (11th Cir. 2006) (quoting *Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. U.S. Fire Ins. Co.,* 639 So. 2d 606 (Fla. 1994)). In *Levin,* the Florida Supreme Court concluded that the litigation privilege precluded all tort claims based on a party's conduct during litigation. *Levin,* 639 So. 2d at 608. Courts have recognized that this rule does not leave parties without a remedy for misconduct occurring during or relating to litigation. *Id.* For example, a party can file a contempt motion before the trial court in the underlying litigation as a remedy for the opposing party's misconduct, instead of pursuing fraud actions in subsequent litigation. *See Green Leaf Nursery v. E.I. DuPont De Nemours and Co.*, 341 F.3d 1292, 1302 (11th Cir. 2003). Florida law provides that "[w]hile the litigation

privilege is an affirmative defense, it can be adjudicated on a motion to dismiss if the applicability of the privilege can be clearly discerned from the face of the complaint." *LatAm Investments, LLC v. Holland & Knight, LLP*, 88 So. 3d 240, 245 (Fla. 3d DCA 2011) (citing *Am. Nat'l Title & Escrow of Fla. v. Guarantee Title & Trust Co.,* 748 So.2d 1054, 1055 (Fla. 4th DCA 2000); *Kidwell v. Gen. Motors Corp.*, 975 So .2d 503, 505 n. 2 (Fla. 2d DCA 2007)).

Several courts in Florida and in this district have dismissed abuse of process claims based on the litigation privilege. *See, e.g.*, *LatAm Investments, LLC* at 242 (affirming trial court dismissal of abuse of process with prejudice after finding that defendant's conduct was protected by the litigation privilege); *In re Fundamental Long Term Care, Inc.*, 512 B.R. 690, 702 (Bankr. M.D. Fla. 2014), *aff'd sub nom. Est. of Jackson v. Schron*, 8:16-CV-22-T-17, 2016 WL 4718145 (M.D. Fla. Sept. 8, 2016*), aff'd sub nom. In re Fundamental Long Term Care, Inc.*, 873 F.3d 1325 (11th Cir. 2017) (dismissing abuse of process claim based on litigation privilege); *Duncanson v. SJ Wathen Bloomington LLC*, 614CV704ORL40KRS, 2016 WL 7228743, at *2 (M.D. Fla. June 24, 2016) ("Here, all of the allegations in the abuse of process claim demonstrate that any allegedly wrongful actions were taken in the course of and related to this litigation and were thus absolutely privileged under Florida law."); *W. Sur. Co. v. Steuerwald*, 16-61815-CV, 2017 WL 5248499, at *2 (S.D. Fla. Jan. 17, 2017) (dismissing counterclaim in part due to the litigation privilege); *Macedo v. LVNV Funding LLC*, 2:16-CV-46-FTM-38MRM, 2016 WL 2944047, at *3 (M.D. Fla. May 2, 2016) (dismissing Florida Consumer Collection Practices Act claim based on litigation privilege).

Here, all the allegations in the abuse of process claim demonstrate that any allegedly wrongful actions were taken during and related to the Underlying Litigation and were thus absolutely privileged under Florida law. Kaplan did not identify the alleged "disputed issues of

fact" that the Court would need to resolve to dispose of this claim. Reading the allegations in the Complaint as true and in the light most favorable to Kaplan, there are no disputed facts at issue. Thus, the Court will grant Regions Bank's Motion on this basis and dismiss Count II.

Kaplan requests leave to amend his Complaint in the event the Court dismisses any of his claims. Doc. 26 at 6. Generally, courts should grant leave to amend freely absent undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice or futility of amendment. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); Fed. R. Civ. P. 15. The Court notes that the litigation privilege does not completely eliminate the abuse of process cause of action. *See LatAm Investments, LLC*, 88 So. 3d at 242 ("[A] claimant may still pursue a claim for an abuse of process when the claim is based on actions taken outside of a judicial proceeding or on actions that are taken during a judicial proceeding but which are unrelated to the judicial proceeding."). But in this case, all of Kaplan's claims are related to Regions Bank's conduct in initiating and prosecuting the Underlying Litigation. Therefore, amendment would be futile. *See In re Trafford Distribg. Ctr., Inc.,* 520 B.R. 147, 158 (Bankr. S.D. Fla. 2014), *decision modified and remanded sub nom*; *Wortley v. Bakst,* 844 F.3d 1313 (11th Cir. 2017) (denying party leave to amend as futile because the litigation privilege barred the claim).

## IV. CONCLUSION

The Court denies Regions Bank's Motion as to the malicious prosecution claim on all grounds presented. But the litigation privilege clearly bars the abuse of process claim in Count II of the Complaint as all allegations in support of it relate to or derive from the Underlying Litigation between the parties. Amendment would be futile, so leave to file an amended complaint on this basis is denied.

**Accordingly, it is ORDERED**:

9

1. Defendant's Motion to Dismiss (Doc. 11) is **GRANTED-IN-PART**.

2. Count II of the Complaint is **DISMISSED with prejudice.**

3. In all other respects, Defendant's Motion to Dismiss is **DENIED.**

**DONE AND ORDERED** in Tampa, Florida on August 1, 2018.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any